File Name: 08a0122n.06

Filed: February 28, 2008

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 04-4459

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

SHANNON HAYNES,

    Petitioner-Appellant,

v.

JAMES HAVILAND,

    Respondent-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

_____/

Before:    KENNEDY, MARTIN, and COLE, Circuit Judges.

    BOYCE F. MARTIN, JR., Circuit Judge. Shannon Haynes appeals the district court's denial of habeas corpus relief from his conviction for kidnaping, rape, and murder. He claims that his Sixth Amendment rights were violated when the trial judge refused to allow in evidence that the victim was interested in sadomasochistic sex. Because of the low probative value of the proffered evidence, its exclusion did not rise to the level of a constitutional violation, and we therefore AFFIRM the district court's decision.

I

    In an action for habeas corpus relief, this Court presumes the facts as presented by the state court are correct. 28 U.S.C. § 2254(e)(1). Shannon Haynes was convicted of the kidnaping, rape,

and murder of Kara Parrish on May 20, 2000. Witnesses testified that the two were acquaintances who met at a bar that night and went to Haynes's apartment afterwards. Haynes was very drunk and Parrish had to help him walk. One witness testified he heard shouting upstairs that night, and he made a 9-1-1 call to report the incident, although other neighbors did not hear anything. Haynes's half-brother testified that Haynes called him around 2:30 that morning to come over, and that he said the words: "drunk, I didn't mean to do it." Haynes's half-brother also testified that Haynes said he had choked Parrish because she had blackmailed him. The pathologist testified that Parrish's wrists and ankles had been bound moderately tightly, that she bore the marks of anal intercourse, and that the likely cause of death was compression to her neck consistent with a chokehold, though no marks were left on her skin. The toxicology report indicated Parrish had alcohol, ecstacy, and heart medication in her blood.

Defendant's theory of the case was consensual rough sex that accidentally resulted in death. Haynes tried to present testimony that Parrish had been to a sadomasochistic bar and to introduce evidence of pornographic images on her computer that depicted anal intercourse and dress in a manner similar to the state in which Parrish was found after her death. These were excluded by the judge because the images from the computer were of low relevance and the testimony about the sadomasochistic bar was inadmissible extrinsic evidence to prove character.

Haynes was convicted and sentenced to life imprisonment without possibility of parole on March 12, 2001. He appealed to the state court of appeals and the Ohio Supreme Court, both of which rejected his claims. Haynes filed a petition in federal district court for a writ of habeas corpus

that was also denied. This Court granted a certificate of appealability on one issue: whether Haynes's conviction was obtained in violation of his rights to due process of law and to present a defense as secured by the Constitution of the United States.

II

We review petitions for habeas corpus *de novo*. Review of the decisions of state courts is governed by the Antiterrorism and Effective Death Penalty Act of 1996. State decisions on the merits are not to be overturned unless they (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Error by the state court is not sufficient; rather its application of federal law must be "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

Haynes argues that the excluded evidence – namely testimony about Parrish's visit to a sadomasochistic bar, cross-examination regarding pornography on her computer, and evidence of the presence of pornography on her computer – interfered with his right to impeach a prosecution witness (Amanda Milliron) and his right to present a complete defense. Haynes first argues that he was denied the right to cross examine a witness by the court's refusal to allow questioning of Milliron about her knowledge of the presence of pornography on Parrish's computer. A criminal defendant has a right to present a complete and meaningful defense. *See Crane v. Kentucky*, 476 U.S. 683, 690 (1986). "A primary interest secured by [the Sixth Amendment] is the right of cross

examination." *Davis v. Alaska,* 415 U.S. 308, 315 (1974). "Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach." *Id*. at 316. At the same time, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

In this case, the evidence Haynes sought to introduce had only marginal relevance to impeaching Milliron's testimony. In response to Milliron's statement on direct examination that Parrish was not a computer buff, and to impeach her assertion that Parrish "would have told her" if she had certain sexual fetishes, defense counsel attempted to ask if Milliron knew about pornography on Parrish's computer. We cannot say that the trial judge was unreasonable in believing this evidence to be of only marginal relevance to impeachment. Parrish did not have exclusive control of the computer, nor was there testimony to prove that Parrish actually visited the sites. Therefore we do not find an unreasonable application of federal law.

Haynes next argues that he was not able to present a full defense because the court excluded evidence that Parrish had links to pornography stored on her computer, and that she had, on a single occasion, visited a bar serving those with an interest in sadomasochistic sex. Cases in which the Supreme Court has declared the exclusion of evidence unconstitutional found that the exclusion

"significantly undermined fundamental elements of the defendant's defense." *United States v. Scheffer*, 523 U.S. 303, 317 (1998).

While evidence pertaining to consent is undoubtedly fundamental, the two pieces of evidence are not so strong that their absence "significantly undermined" Haynes's case. The excluded testimony that Parrish went to the sadomasochistic bar also indicated that she did not dress up in sadomasochistic attire or participate in any sadomasochistic activity while there. Additionally, the computer was not in Parrish's exclusive control but was shared with a number of other people, making it impossible to show that Parrish had viewed the images. Thus, because the marginal relevance of his proffered, but excluded, evidence did not significantly undermine his case, Haynes was not denied his right to present a defense.

III

We find that the trial court did not unreasonably apply clearly established federal law in excluding the evidence pertaining to Parrish's interest in sadomasochistic sex, nor did it base its opinion on an unreasonable determination of the facts. We therefore AFFIRM the decision of the district court and DENY the petition for a writ of habeas corpus.